## Commonwealth *v.* Nafus, Appellant.

Argued January 12, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*John H. Dando,* for appellant.—The Act of 1925, by its language, is intended to and does place with the jury the arbitrary and exclusive privilege of fixing the punishment, without advice, suggestion, or opinion from the court: Com. v. Curry, 287 Pa. 553.

The presiding judge performs his whole duty when he informs the jury that the law commits to them the selection of the punishment which must follow conviction.

*Herman J. Goldberg,* with him *Thomas M. Lewis,* District Attorney, and *S. M. DePierro,* Assistant District Attorney, for appellee.—The Act of May 14, 1925, P. L. 759, does not preclude the trial judge from expressing an opinion on the penalty to be fixed by the jury: Com. v. Lawrence, 282 Pa. 128; Com. v. Cunningham, 232 Pa. 609; Com. v. Rouello, 251 Pa. 329; Com. v. Tenbroeck, 265 Pa. 251; Com. v. Parker, 294 Pa. 144.

OPINION BY MR. JUSTICE KEPHART, February 2, 1931:
The facts in this case are identical with those in Com. v. Szachewicz, handed down this day [preceding case], and need not be repeated except to say that the prisoner admitted he purchased the battery at Nanticoke. He pointed out the clerk from whom the battery was purchased, and the proprietor identified the battery found at the explosion as being one purchased at his store. Defendant also identified a woman in another store as being the clerk from whom he bought a part of the wire. The confession of Nafus was received in evidence although he charged that it was procured by abuse and ill

treatment. He denied any connection with the crime, his defense being an alibi.

The only complaint in this court is to the charge of the court below wherein it was stated, "If you are satisfied from the testimony in this case, beyond a reasonable doubt, that the life of Arthur E. Webb was taken in an attempt to perpetrate a robbery, and that this defendant had a part in its commission, then the defendant is guilty of murder in the first degree, and in the opinion of the court deserves the maximum penalty under the law." The Act of May 14, 1925, P. L. 759, states that where a person is convicted of first degree murder, the jury trying the case shall, at its discretion by its verdict, fix the penalty, that is, whether it shall be death in the manner provided by law or imprisonment for life. It is appellant's contention that the judge should not have given expression to his opinion or attempted in any manner to influence the jury in the exercise of that discretion, and that, if the court guides or directs the jury in this matter, such action is an invasion of the absolute duty devolving on the jury to fix the penalty as directed by the legislature, and that such action would constitute reversible error.

The court should not attempt to influence the jury in determining the guilt of the accused or the degree of his crime. Nor may the court influence the jury in the exercise of the discretion which is lodged solely in them. However, we have long recognized the right of a trial judge to express an opinion as to the guilt or innocence of the defendant or as to the degree of the crime in a homicide case and have said that it was sometimes his duty to do so. See Com. v. Weston, 297 Pa. 382; Com. v. Lawrence, 282 Pa. 128, and cases there cited; Com. v. Rouello, 251 Pa. 329. The trial judge may express an opinion as to the weight and effect of the evidence: Com. v. Cunningham, 232 Pa. 609. But, in so doing in all these cases, we have held that it was imperative that he

by instruction leave the jury free to act in determining the guilt or innocence of defendant or the degree of the crime committed: Com. v. Cunningham, supra; Com. v. Rouello, supra; Com. v. Weston, supra. In the proper administration of justice, the same rule should apply in expressing an opinion by the trial judge as to the penalty to be inflicted in a homicide case of an atrocious character, provided he leave the jury absolutely free to fix the punishment regardless of his opinion.

The learned presiding judge in this instance did so leave the matter of punishment and cautioned the jury that anything he said as to the penalty was his own opinion and that they were free to fix whatever penalty they saw fit. He told them that these were matters solely in their discretion. It may be here suggested that trial judges should be very careful in expressing an opinion as to the penalty. It should not be done except in an atrocious case such as this is, and then it should be well guarded. However, it is not reversible error to express an opinion as to the punishment to be fixed, as long as the jury is left free to act regardless of that opinion.

While the record is not printed, we have read it to ascertain if, from the evidence, the ingredients of first degree murder are present and if the accused could be found responsible for it. All the essentials are present in this case. The defendant produced testimony of an alibi, denied participation in the crime, and testified to a course of treatment by officers which if believed was inhuman, all of which were questions for the jury. They are the persons who under our system of jurisprudence have been selected to determine the questions of fact. This court is merely required to ascertain if the elements of first degree murder are present. The jury has decided the questions of fact and if defendant's testimony is disbelieved the Commonwealth's evidence is ample to support their conclusion.

All the assignments of error are overruled, the judgment is affirmed, and the record remitted for the purpose of execution.