## Commonwealth v. Naugle

*P. L. Drum*, for Commonwealth.
*Stanley B. Jones*, for defendant.

COUGHLIN, J., June 10, 1936.—Defendant is charged in the indictment against him with having received and having possession of certain property of prosecutrix, and with having unlawfully and fraudulently withheld, converted and applied the same to and for his own use and benefit. In other words, he is charged with fraudulent conversion. He was tried and a verdict was returned against him of guilty.

A motion for a new trial and in arrest of judgment followed. The first reason averred is that the court erred in laying too much emphasis on the testimony of the Commonwealth. How much detail shall be covered; what reference shall be made thereto and how and to what extent the same shall be discussed, and like questions, must

of necessity be left to the discretion of the presiding judge: Borham v. Davis, 146 Pa. 72; Ensminger v. Hess, 192 Pa. 432; Blank v. Barnhart, 17 Pa. Superior Ct. 214; Commonwealth v. Wertheimer, 23 Pa. Superior Ct. 192. If the matter is clearly and absolutely left to the jury to decide regardless of the court's opinion the court may even express an opinion: Commonwealth v. Nafus, 303 Pa. 418; Commonwealth v. Stabinsky, 313 Pa. 231; Commonwealth v. Edwards, 318 Pa. 1.

Second, it is complained that the court erred as to the calling of a witness. There is no need to repeat the point as it inaccurately states the facts. Even so we do not believe that the court erred in abusing its discretion.

Third, objection is made to the instruction of the court as to reputation and its relationship to reasonable doubt. But a portion of the charge is quoted. That which is quoted is true and, taken with the rest of the charge, amply allowed defendant all the protection of the law to which he was entitled.

The fourth and fifth reasons, which are the usual averments that the verdict was against the law and the evidence, and against the weight of the credible evidence, furnish no ground for a new trial, since, if the matter was regularly and fairly submitted to the jury, their determination is controlling as to questions of fact.

The sixth reason, wherein complaint is made because we refused to withdraw the case from the jury as a matter of law, is of merit.

Defendant was a tenant upon the farm of prosecutrix within Luzerne County. The relationship of the two depended upon an agreement existing between them. The offense complained of grew out of the termination of the agreement. The subject matter consisted of hay. The hay, under the agreement, even as testified to by prosecutrix, belonged to defendant, providing, however, that he consumed it upon the premises. The term ceased. Defendant removed some of the hay. The indictment fol-

lowed under the Act of May 18, 1917, P. L. 241, 18 PS §2486. The hay had been raised by defendant. Defendant was privileged to use it under the agreement, but could not sell it. Prosecutrix was not entitled to receive it by reason of the fact that it was raised on the farm. Prosecutrix's right in the hay was not conditional upon defendant's not using it, but defendant did agree to use it on the farm. This was his contract. He, no doubt, breached it, but did he make himself criminally liable? Said Act of May 18, 1917, supra, provides as follows:

"Be it enacted, &c., That any person having received or having possession, in any capacity or by any means or manner whatever, of any money or property, of any kind whatsoever, of or belonging to any other person, firm, or corporation, or which any other person, firm, or corporation is entitled to receive and have, who fraudulently withholds, converts, or applies the same, or any part thereof, or the proceeds or any part of the proceeds, derived from the sale or other disposition thereof, to and for his own use and benefit, or to and for the use and benefit of any other person, shall be guilty of a misdemeanor, and upon conviction thereof shall be sentenced to pay a fine not exceeding one thousand dollars, and to undergo an imprisonment not exceeding five years, or either or both, in the discretion of the court."

A reading of the aforesaid statute indicates that it applies where a person receives or has possession in any capacity or by any means or manner whatever of property belonging to another. In the instant case the property, to wit, the hay, belonged to defendant, but where he would consume it was a matter of contract. The Act of May 1, 1925, P. L. 440, dealing with the taking and carrying away of property growing or being on the land of another, does not cover the case at bar. It refers to larceny. The indictment in the present case is fraudulent conversion. The case of Commonwealth v. Drass, 111 Pa.

Superior Ct. 375, hardly applies to the present case. Therein it was held that the Act of May 18, 1917, supra, was enacted to provide a definite and separate misdemeanor applying to anyone who fraudulently converted the property of another, but it did not repeal or render inoperative the provision of the Criminal Code. In the case at bar the property was never the property of prosecutrix, and cannot be held to have been in the possession of defendant as one who collected money for another, but converted it to his own use instead of delivering it. The same might be said of Commonwealth v. Barnes et al., 107 Pa. Superior Ct. 46, 65. In the latter case defendants had in their hands money actually belonging to May and Bradshaw, attorneys for Mrs. Vye S. Thompson and Mrs. Jean Patterson Dawson, and having this actual fund in their possession they fraudulently converted it:

"At the time of the assignment, the case out of which the fee arose had been successfully terminated. The time for payment, under the assignment, was fixed as the time when payment would be made by Hamel to Barnes and Company. The moment the fee was received by Barnes, it was earmarked. It was property of Sexton which had been assigned to May and Bradshaw as attorneys, and belonged to the latter."

It is apparent that the mere fact that the basis of the transaction was contract does not make an indictment, under the act, improper. The difficulty lies in the fact that the thing used was used in a manner different than that contracted for. It was not consumed upon the premises, but elsewhere, by the tenant to whom the property, by the contract, belonged. His breach lay in the fact that he did not feed it to the cattle, thus placing the manure upon the premises. This, no doubt, was a breach of his agreement, but we are unable to see that it comes within the terms of the Act of 1917, supra, or similar statutes to which we have been referred. The question before us, therefore, becomes one of law, and we allow a motion in

162

arrest of judgment, as we might have instructed the jury to acquit, as requested.

Motion in arrest of judgment is allowed.