**UNITED STATES of America ex rel. Russell BROWN**

v.

**Harry E. RUSSELL, Superintendent, State Correctional Institution, Huntingdon, Pennsylvania.**

**Misc. No. 69–145.**

United States District Court, E. D. Pennsylvania.

Sept. 21, 1970.

Professor Donald Dowd, Villanova University School of Law, Villanova, Pa., for relator.

David Richman, Asst. Dist. Atty., Philadelphia, Pa., for respondent.

## OPINION

MASTERSON, District Judge.

In this habeas corpus petition relator seeks relief on the ground that he was denied a fair trial because of the trial judge's allegedly prejudicial comments on the evidence during the trial and in his charge to the jury.

Relator was tried in the Philadelphia Court of Quarter Sessions on May 3, 1966, before the Honorable Maurice W. Sporkin for rape and sodomy and was convicted by a jury. Relator then filed a Motion in Arrest of Judgment and for a New Trial contending, as he does here, that the trial judge unfairly commented on the evidence in his case. On January 19, 1967, Judge Sporkin denied relator's motion. On appeal, the Superior Court affirmed *per curiam* on June 2, 1967, and the Supreme Court denied allocatur on January 31, 1968. Relator's petition under the Post-Conviction Act was dismissed by Judge Sporkin without a hearing on October 23, 1968 on the ground that relator finally litigated his claim under 19 P.S. § 1180-4(a). There is no question that relator has exhausted his state remedies.

In support of relator's contention that he was denied a fair trial he offers numerous incidents which occurred at his trial. See Brief of Petitioner, pp. 14–23. To generalize from these incidents, relator charges that the trial judge assumed the role of the prosecution and as a result badgered the defense, improperly introduced evidence favorable to the state, commented adversely and critically only on defendant's witnesses and evidence and ignored inconsistent testimony offered for the prosecution. We have carefully reviewed the record in this case and cannot conclude that relator was deprived of any constitutional rights by the trial judge's conduct of his trial.

In Billeci v. United States, 87 U.S. App.D.C. 274, 184 F.2d 394, 402 (1950), the Court said:

"A federal trial judge in a criminal case is not an inert figure. He is not a mere moderator. Besides his own exclusive functions of conducting the trial and declaring the applicable law, he may guide and assist the jury in its consideration of the evidence. The purpose of his comment is to aid, through his experience, the inexperienced laymen in the box in finding the truth in the confusing conflicts of contradictory evidence. In exceptional cases he may even express his opinion upon the evidence, or phases of it. But *there is a constitutional line across which he cannot go.* The accused has a right to a trial by the jury. That means that his guilt or innocence must be decided by twelve laymen and not by the one judge. A judge cannot impinge upon that right any more than he can destroy it. He cannot press upon the jury the weight of his influence any more than he can eliminate the jury altogether. It is for this reason that courts have held time and again that a trial judge cannot be argumentative in his comments; he cannot be an advocate; he cannot urge his own view of the guilt or innocence of the accused."

Further, in United States v. Kravitz, 281 F.2d 581, 584–585 (3d Cir.1960), cert. denied 364 U.S. 941, 81 S.Ct. 459, 5 L.Ed.2d 372 (1961), the Court said:

"That a federal judge in a criminal case may comment on the evidence to the jury and give his personal opinion thereon is too well established to require elaborate citation of authority. The point is that he must not prejudice the case and he must leave ulti-

mate determination of the facts to the jury.[1]

*See also* Commonwealth v. Ott, 417 Pa. 269, 207 A.2d 874 (1956).

Applying the above principles to the case at bar it is our conclusion that the trial judge did not prejudice relator's case nor in any way cross the "constitutional line". The trial judge in this case made it clear to the jury that they, and not he, were to determine the facts and that the ultimate responsibility rested with them. (Notes of Testimony, pp. 262, 282, 300–301). At no time did he express his own opinion as to the guilt or innocence of the accused, nor did he suggest to the jury that his own views on any part of the evidence were in any way binding upon them. Under these circumstances, we cannot find that the trial judge's conduct violated any constitutional rights of the accused. Accordingly, relator's petition for a writ of habeas corpus must be denied.

---

1. Although the *Billeci* and *Kravitz* cases concern federal judges, there is no dispute that the principles outlined in those cases are equally applicable to state judges.