**UNITED STATES of America ex rel. Russell BROWN H-6127, Appellant,**

v.

**Harry E. RUSSELL, Superintendent, State Correctional Institution, Huntingdon, Pennsylvania.**

No. 71-1146.

United States Court of Appeals, Third Circuit.

Argued Jan. 21, 1972.

Decided Feb. 10, 1972.

Donald W. Dowd, Villanova, Pa., for appellant.

David Richman, Asst. Dist. Atty., Philadelphia, Pa., for appellee.

Before ADAMS and JAMES ROSEN, Circuit Judges, and STAPLETON, District Judge.

## OPINION OF THE COURT

PER CURIAM:

The habeas corpus petitioner, Brown, was tried for rape and sodomy in Philadelphia in 1966. A jury convicted him, and on January 19, 1967, a sentence of five to seventeen years was imposed. Direct appeal in the Pennsylvania courts led to a per curiam affirmance in the Superior Court, Commonwealth v. Brown, 210 Pa.Super. 733, 231 A.2d 332 (1967), and a denial of allocatur in the Supreme Court. After Brown's petition for post-conviction relief in the Pennsylvania state courts was denied without a hearing, he sought a writ of habeas corpus in the District Court. He appeals from that court's denial of relief, 317 F.Supp. 136.

Brown contends that the behavior of the judge at his trial was so "prosecution-oriented" that he was denied due process under the Fourteenth Amendment and is therefore entitled to a new trial. Among other examples, Brown points to two specific instances of what he considers to be improper actions by the trial judge. When Brown's sister took the stand in his defense, the judge told the jury that they should keep in mind the relationship between the witness and the defendant. Brown also claims that during the judge's charge to the jury, the judge commented favorably on the evidence presented by the prosecution and critically on the defendant's evidence.

In considering Brown's right to relief, we are admonished that "errors committed during the trial of a criminal case in a state court are not subject to review in a habeas corpus proceeding in a federal court unless it is shown that the errors were so conspicuously prejudicial as to deprive the defendant of a fair trial." United States ex rel. Cannon v. Maroney, 373 F.2d 908, 910 (3rd Cir. 1967). Moreover, it is clear that in Pennsylvania the trial judge has the right to comment on the evidence in his charge to the jury. Commonwealth v. Ott, 417 Pa. 269, 207 A.2d 874 (1965). Since a federal judge is also permitted to comment on the evidence, the rules regulating the permissible bounds of such comment for federal judges are the same as those for Pennsylvania state court judges. In a case with similar allegations concerning the judge's charge to the jury, this Court stated: "If the judge exercises restraint in his comments, however, and makes it clear in his charge that the jury remains the sole determiner of credibility and fact, he has not overstepped the permissible limits of comment." United States v. Gaines, 450 F.2d 186, 189 (3rd Cir. 1971).

After a careful review of the judge's charge in this case, we conclude that he did not attempt to impose on the jury his own views as to the guilt of the defendant. Rather, he made clear to the jury that they were the sole determiners of fact in the case. Although the judge's comment concerning the credibility of Brown's sister may have been somewhat oriented toward the prosecution, we cannot say that this action by itself violated due process.

We have carefully considered all the other contentions raised by Brown and conclude that they are insufficient to require the grant of the writ of habeas corpus.

Accordingly, the judgment of the District Court will be affirmed.