619 A.2d 1063

**COMMONWEALTH of Pennsylvania,**

v.

**Derrick Shawn WILSON, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 25, 1992.

Filed Dec. 3, 1992.

Reargument Denied Feb. 16, 1993.

Stanley W. Greenfield, Pittsburgh, for appellant.

Kevin F. McCarthy, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before DEL SOLE, KELLY and BROSKY, JJ.

BROSKY, Judge.

This is an appeal from a judgment of sentence imposed upon appellant after he was convicted in a jury trial of possession with intent to deliver narcotics. Appellant raises three issues for our consideration, the first two deal with the trial court's limitation of cross-examination of a key prosecution witness and the last deals with the selection of the jury. We vacate and remand.

On July 28, 1989, appellant was transporting an acquaintance of his, Kevin Adams, to an address in the Hill District of Pittsburgh. Mr. Adams had been recently released from the hospital and was wearing a bandage on his head. After Adams arrived at the requested address he got involved in an altercation with an individual named Robert Taylor. Appellant remained in the car during this incident. After appellant and Adams left the scene the police received a complaint that a man wearing a bandage on his head and riding in a Burgundy Isuzu had assaulted the caller. Police stopped appellant's vehicle and placed Adams under arrest. While doing so one of the officers noticed marijuana and a white powder on the console of the vehicle. Consequently, appellant was arrested. A search of the vehicle resulted in the seizure of a brown satchel on the floor in front of the passenger seat which contained cocaine and $217. Appellant was charged with possession with intent to deliver narcotics.

At trial, Adams served as the chief witness against appellant and testified pursuant to a negotiated plea agreement with the Commonwealth. During Adams testimony, defense counsel attempted to cross-examine Adams with respect to the plea agreement, as well as with respect to other outstanding charges against him and aspects of mandatory sentences

which he could have possibly faced had the agreement not been entered into. Much of this cross-examination was not allowed by the trial court.

 Appellant first challenges the trial court's refusal to allow cross-examination of Adams regarding other pending charges against him.[1] The trial court allowed cross-examination as to those charges that were involved in a plea agreement with Adams. However, other charges were pending against Adams as well. The court would not allow questioning as to those charges. In *Commonwealth v. Evans*, 511 Pa. 214, 512 A.2d 626 (1986), our Supreme Court indicated that other pending charges was a proper topic for cross-examination. This is a proper topic for cross-examination because it reveals a possible reason for witness bias in the Commonwealth's favor. The witness who has outstanding charges against him may be testifying in hopes of, or on a promise of, lenient treatment or consideration on those outstanding charges. The accused has a right to have this information revealed to the jury so that they can properly evaluate the credibility of the witness. Consequently, it was error to refuse cross-examination on this matter, a point candidly and admirably admitted to by the Commonwealth in its brief to this court.

 Appellant also challenges the trial court's decision to disallow cross-examination of Adams with regard to the fact that pursuant to the plea agreement Adams' exposure to a mandatory three year sentence was eliminated. Our Supreme Court stated long ago that "a witness under an indictment stemming from the same crime which is the subject of the

---

1. The Commonwealth argues that this issue is waived because it was not set forth in post-trial motions. Appellant counters with the argument that if the issue is waived then counsel must be deemed to have rendered ineffective assistance of counsel. We would be inclined to agree. The Commonwealth's case against appellant relied heavily upon the testimony of Adams. Consequently, an attack on Adams' credibility was a crucial element of appellant's defense. We can think of no strategical reason for attempting to attack Adams' credibility but failing to properly preserve a challenge to adverse rulings relative to that attempt. Consequently, if the rulings are deemed to have been erroneous and resulted in prejudice to appellant, a finding of ineffectiveness must follow.

case in which he is testifying may be cross-examined about any favorable treatment which the witness may have already received from the prosecution in the witness' own case." *Commonwealth v. Coades,* 454 Pa. 448, 452, 311 A.2d 896, 898 (1973). Prior to the trial in question, Adams had been charged with possession with intent to deliver, just as was appellant. Due to the weight of the controlled substance involved and pursuant to the mandatory sentencing provisions of 18 Pa.C.S.A. § 7508, conviction of this charge would have carried a mandatory minimum sentence of three years incarceration. However, pursuant to an agreement with the Commonwealth, this charge was dropped in exchange for Adams' testimony at trial against appellant. Appellant's trial counsel attempted to elicit this point on cross-examination, but this questioning was curtailed by the trial court. Appellant argues that this fact went to the bias of Adams and was proper cross-examination. The Commonwealth counters that this was improper cross-examination because it put the issue of appellant's punishment, should he be convicted, in front of the jury.

We agree with the Commonwealth that ordinarily it is improper to inform the jury of the punishment that would attend a conviction. However, the cases cited by the Commonwealth in this regard refer to exposing the potential punishment of the defendant on trial. See, for instance, *Commonwealth v. Lucier,* 424 Pa. 47, 225 A.2d 890 (1967). In the present case this information was attempted to be elicited in regard to the witness against appellant, not as to appellant himself. In this respect the fact that had Adams not made the agreement with the Commonwealth he would have been facing a charge carrying a mandatory three year sentence would indeed seem to establish a possible motive to testify falsely against appellant. The fact that appellant was also facing the same mandatory sentence is unfortunate, but we do not see this as reason to disallow the cross-examination. Hearsay is routinely allowed into evidence on the basis that it is not offered to establish the truth of the matter asserted therein, but instead is offered to show the recitor's belief or state of mind. The fact that the jury will hear an assertion of fact,

and may accord it some weight despite the fact that it is inadmissible to show the truth of the matter asserted, is overlooked. We think the same analogy would follow here. The evidence was offered to attack the credibility of Adams, it was not offered, at least ostensibly, to invoke sympathy for appellant from the jury. The fact that it might, to some degree, have this effect would not, in our opinion, affect its admissibility. Perhaps defense counsel could have posed the questions so as not to draw attention to the fact that appellant faced a mandatory three year sentence. However, to the extent the Commonwealth's key witness bargained himself out of that potential risk, we believe such a fact would be properly admissible to show bias and motive to testify in a certain fashion.

■ The combined errors regarding these aspects of the cross-examination of the Commonwealth's chief witness, Adams, cannot be deemed by us to have been harmless error. As pointed out above, the Commonwealth's case centered around the testimony of Adams. Particularly when it is considered that appellant's testimony was to the effect that it was Adams who possessed the cocaine, the relative credibility of Adams and appellant was a major issue in the case. The rulings in question limited appellant's effort to discredit Adams and therefore prejudiced him. Consequently, the judgment of sentence must be vacated and a new trial granted.[2]

Judgment of sentence vacated, new trial granted.

2. Because of our disposition of the first two issues and the decision to remand for a new trial, it is unnecessary to consider the *Batson* issue regarding the preemptory challenges of black jurors in jury selection.