J-S62008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
QUINTELLE ANTHONY RANKIN :
:
Appellant : No. 1576 WDA 2018

Appeal from the PCRA Order Entered October 10, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0011400-2012

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.:          **FILED FEBRUARY 3, 2020**

Appellant, Quintelle Rankin, appeals from the Order of the Court of Common Pleas of Allegheny County denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Appellant was tried jointly with Eugene McCarthy for crimes stemming from the shooting death of Brandon Johns. Corey Estes, Appellant's nephew, was with Appellant and McCarthy at the time of the shooting. Estes testified for the Commonwealth at the joint trial. The trial court noted the convictions of Appellant and McCarthy were "based heavily on [Estes's] testimony." PCRA Court Opinion, 6/25/19, at 2, *quoting* Trial Court Opinion, 7/9/14, at 1.

Estes testified that on August 7, 2012, he, Appellant and McCarthy were looking to purchase marijuana. They sought to purchase it from two men they encountered at the Brinton Manor Apartments in Pittsburgh. One of those men, Brandon Johns, directed Appellant, McCarthy and Estes into a building.

Johns then sat down on some steps and pulled out a large bag of marijuana. At that point, McCarthy attempted to steal the marijuana.

Appellant pulled out a gun. Johns told McCarthy "you can have it all," but reached into his pocket and pulled out a handgun. *Id*. As McCarthy and Johns tussled over the handgun, Estes ran up the steps of the building and heard a gunshot but did not know who fired it. Estes heard another gunshot and saw Appellant slump over. Appellant then fired his gun at Johns multiple times. Ultimately, Johns was shot seven times and died from the gunshot wounds.

Appellant and McCarthy were arrested in connection with the shooting. Following a joint trial, a jury convicted Appellant of second-degree murder, robbery, conspiracy and carrying a firearm without a license. The trial court sentenced Appellant to a term of life imprisonment on the murder charge, a consecutive term of imprisonment of five to ten years on the conspiracy charge and a consecutive term of imprisonment of three and one-half to seven years on the firearms charge. The trial court denied Appellant's post-sentence motions.

On appeal, Appellant was represented by new counsel. This Court affirmed Appellant's judgment of sentence and our Supreme Court denied Appellant's petition for allowance of appeal. Appellant then filed a timely PCRA petition, which the PCRA court denied following a hearing. Appellant now appeals that denial to this Court. "On appeal from the denial of PCRA relief, [this Court's] standard and scope of review is limited to determining whether

- 2 -

the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Edmiston***, 65 A.3d 339, 345 (Pa. 2013) (citation omitted).

Appellant raises three claims relating to the ineffective assistance of his counsel. The law presumes that counsel was effective. ***See Commonwealth v. Brooks,*** 839 A.2d 245, 248 (Pa. 2003). In order to overcome that presumption and prevail on a claim of ineffectiveness, Appellant must establish that: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his course of conduct; and (3) he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that but for the act or omission in question, the outcome of the proceeding would have been different. ***See id.*** Counsel will not be deemed ineffective for failing to raise a meritless claim. ***See Commonwealth v. Spotz***, 896 A.2d 1191, 1210 (Pa. 2006).

All three of Appellant's assertions of ineffectiveness are based on underlying claims challenging the trial court's ruling on an evidentiary matter. After reviewing each claim, we conclude that Appellant has failed to establish that any of these claims have arguable merit. A trial court's decision regarding the admissibility of evidence will only be reversed on appeal if the trial court abused its discretion. ***See Commonwealth v. Yockey***, 158 A.3d 1246, 1254 (Pa. Super. 2017), *appeal denied*, 174 A.3d 567 (Pa. 2017) (citations omitted). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment

that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality." *Id*.

Appellant first claims his trial counsel was ineffective for failing to argue that the trial court improperly sustained a hearsay objection to the testimony of Officer Brian Armstrong. Officer Armstrong was testifying regarding a statement made by Johns' mother. This claim fails.

Counsel for Appellant's co-defendant, McCarthy, was first to cross-examine Officer Armstrong, a Borough of Braddock Hills police officer who responded to the scene of the shooting. During that cross-examination, counsel asked Officer Armstrong if Johns' mother had told him at the scene of the shooting that she had "grabbed her son, and he didn't move, and that she tried to – she called his name and tried to lift him?" N.T. Trial, 8/7/13, at 451. The Commonwealth objected on the grounds that this constituted hearsay, and the court sustained the objection.

Appellant now argues, in essence, that his trial counsel should have intervened and asserted that Johns' mother's statement was admissible as an excited utterance. Appellant does not address the threshold issue, raised by the PCRA court, of whether his counsel was entitled to argue against an objection made to a question asked by another attorney. Nevertheless, we agree with the PCRA court that Appellant has not shown that his counsel was ineffective for failing to do so here.

Hearsay is an out-of-court statement offered for the truth of the matter asserted, and is generally not admissible unless it falls within one of the

exceptions to the hearsay rule listed in the Pennsylvania Rules of Evidence. *See Commonwealth v. Savage*, 157 A.3d 519, 524 (Pa. Super. 2017), *appeal denied*, 174 A.3d 559 (Pa. 2017). One of those is for excited utterances, which are defined as statements "relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." Pa.R.E. 803(2). Such an utterance must be a "spontaneous declaration … made so near the occurrence both in time and place as to exclude the likelihood of its having emanated in whole or in part from [the declarant's] reflective faculties." *Commonwealth v. Keys*, 814 A.2d 1256, 1258 (Pa. Super. 2003) (citations omitted).

In the instant matter, we do not question that Johns' mother experienced a startling event when she encountered her child after he had been shot to death. However, as the PCRA court noted, Appellant has simply not produced any evidence that Johns' mother was under the stress of that startling event when she made the statement in question or that the statement was spontaneous. While Appellant cites to several cases that have admitted statements made to police within a certain time of a startling event as excited utterances, there is "no evidence in the record establishing the amount of time that elapsed between when [Johns' mother] allegedly observed an event and the time she relayed her statements to the police officer. At best, the record reflects that [Johns'] mother spoke to a police officer some time after her son was shot." PCRA Court Opinion, 6/25/19, at 9.

Appellant correctly argues that a statement does not need to be made contemporaneously with, or immediately after, the startling event in order to be admissible as an excited utterance. Rather, "the crucial question, regardless of the time lapse, is whether, at the time the statement is made, the nervous excitement continues to dominate while the reflective processes remain in abeyance." *Keys*, 814 A.2d at 1258. Again, Appellant has offered no such evidence here. Accordingly, we see no error in the PCRA court's determination that Johns' mother's statement did not qualify as an excited utterance and therefore that Appellant's trial counsel was not ineffective for failing to argue that it did. *See Spotz*, 896 A.2d at 1210.

In his next claim, Appellant maintains appellate counsel should have argued on direct appeal that Appellant's confrontation rights were violated at trial because the trial court did not allow him to cross-examine Estes about the specific names and nature of the charges that had been filed against him. This claim also fails.

At the time of trial, Estes was facing charges of aggravated assault, recklessly endangering another person and endangering the welfare of a child in a matter unrelated to Appellant's trial. The Commonwealth filed a pre-trial motion *in limine* seeking to preclude defense counsel from revealing the names and the specific facts of those charges at trial. Following a hearing, the court granted the Commonwealth's motion but the court also ruled that defense counsel were free to cross-examine Estes about the fact that he was currently facing criminal charges, and about any applicable statutory

maximums and mandatory minimum sentences he was facing. Appellant now claims this ruling violated his confrontation rights and appellate counsel was ineffective for not litigating this claim on appeal.

Generally, a defendant has the right to cross-examine Commonwealth witnesses concerning possible bias due to the existence of pending criminal charges. ***See Commonwealth v. Mullins***, 665 A.2d 1275, 1277 (Pa. Super. 1995). This is because "whenever a prosecution witness may be biased in favor of the prosecution because of outstanding criminal charges … that possible bias, in fairness, must be made known to the jury." ***Commonwealth v. Evans***, 512 A.2d 626, 631 (Pa. 1986). In these circumstances, "the witness may hope for favorable treatment from the prosecutor if the witness presently testifies in a way that is helpful to the prosecution," and this is a factor for the jury to weigh in its credibility determination of the witness. ***Id.***

Appellant cites to ***Evans*** and to this Court's opinion in ***Commonwealth v. Wilson***, 619 A.2d 1063 (Pa. Super. 1992), to support his argument that he was entitled to cross-examine Estes about the specific names and facts underlying the charges pending against Estes. Neither of those cases, however, stand for this proposition.

In ***Evans***, the trial court completely barred defense counsel from cross-examining a witness about pending criminal charges and it was this complete ban on cross-examination that was held to be in error. ***See Evans***, 512 A.2d at 629, 632. Similarly, in ***Wilson***, this Court held that, pursuant to ***Evans***, the trial court erred when it banned defense counsel from asking a witness

any questions about the pending charges against him. ***See Wilson***, 619 A.2d at 1065.

There was no such ban in the instant case. Appellant concedes defense counsel was allowed to cross-examine Estes about the pending charges against him and his potential bias based on those charges. ***See*** Appellant's Brief, at 29-30. During cross-examination, counsel for McCarthy questioned Estes about the number and grading of the charges he was facing and the statutory maximums those charges carry. ***See*** N.T. Trial, 8/6/13, at 280-81. Estes also acknowledged that, in total, he was facing a potential term of imprisonment of more than twenty years. ***Id***., at 281. Counsel went on to question Estes about his expectations of favorable treatment on these charges by the Commonwealth in exchange for his testimony against Appellant. ***Id***., at 281-82.

Appellant complains that defense counsel should have also been allowed to question Estes about the exact charges Estes faced because that would have conveyed to "the jury how serious the charges are and why the witness would have a stronger motive to lie." Appellant's Brief, at 31. However, as appellate counsel testified at the PCRA hearing, "the jury was made aware of the seriousness of the offenses [Estes] was facing, despite not knowing the actual offenses." N.T. PCRA Hearing, 10/2/18, at 20. [1]

_____

[1] Moreover, as the trial court observed at the hearing on the motion *in limine*, Estes was charged with the offenses <u>after</u> he had already testified for the

Based on all of the above, we agree with the PCRA court that the cross-examination regarding Estes's possible bias was not improperly restricted. In the end, the jury was made well aware that Estes had been arrested on serious charges carrying significant penalties, and could possibly be testifying for the Commonwealth in Appellant's case in hopes of getting favorable treatment on those charges. The PCRA court did not err in concluding that Appellant had failed to establish appellate counsel was ineffective for failing to raise this claim on appeal. *See Spotz*, 896 A.2d at 1210.

In his final claim, Appellant takes issue with the testimony of Detective Patrick Kinavey of the Allegheny County Police Department. Detective Kinavey was one of the detectives who re-interviewed Estes after he had given what Detective Kinavey believed to be a less than truthful version of events in an initial interview with police. Specifically, Appellant argues Detective Kinavey improperly vouched for the credibility of Estes three times during his testimony. Appellant appears to assert both that trial counsel was ineffective for failing to object to this testimony, and that appellate counsel was ineffective for failing to raise this issue on appeal. These claims are without merit.

---

Commonwealth at Appellant's preliminary hearing. According to the trial court, this timeline diluted the relevancy of the outstanding charges because Estes could not have been motivated to testify for the Commonwealth at the preliminary hearing in an attempt to curry favor on those charges, as they did not yet exist at that time.

As a general rule, because the question of a witness's credibility is reserved exclusively for the jury, neither expert witnesses nor lay witnesses are permitted to testify as to the credibility of other witnesses. ***See Yockey***, 158 A.3d at 1255. Appellant claims Detective Kinavey first violated this rule when the Commonwealth questioned the detective as follows:

> Q. What was the purpose for you having contact with [Estes] on that day at that time?
>
> A. To re-interview Mr. Estes and basically challenge the validity of his initial statement.

N.T. Trial, 8/8/13, at 672. When the Commonwealth continued this line of questioning, counsel for McCarthy objected. The court overruled the objection, and allowed the detective to answer the question because it demonstrated his course of conduct during the investigation. The Commonwealth then asked:

> Q. …did you have reason to doubt that [Estes] had been … honest with the detectives up to that point in time, sir?
>
> A. Yes. I believed that he was being untruthful at that time.

***Id.***, at 679. The trial court immediately gave the jury the following cautionary instruction:

> THE COURT: All right…you're being permitted to hear the testimony of this witness with regard to what he thought at the time so that you understand why certain things transpired thereafter. This witness is not offering expert testimony as to who's telling the truth and who's not. That decision will be yours, ultimately.

> In the end you will determine the credibility of all witnesses and the credibility and weight, if any, to be given to all the evidence. But it is important for you to understand how things progressed. And so we permitted the witness to testify as to his questions of accuracy, but that's not controlling.
>
> When you retire to deliberate, you will make those determinations as to accuracy and weight of evidence. And again, I remind you that this is being offered to you just to explain why the witness proceeded the way he did.

*Id.*, at 679-680.

Regarding Appellant's assertion of trial counsel ineffectiveness, we note that McCarthy's counsel did object to the testimony Appellant deems improper. The court ruled, however, that it was admissible for an alternative purpose, namely to explain Detective Kinavey's course of conduct. *See Commonwealth v. Montalvo*, 986 A.2d 84, 95 (Pa. 2009) ("statements explaining a police officer's conduct during the course of an investigation are admissible"). Moreover, the court gave the jury a thorough cautionary instruction, which the jury is presumed to have followed. *See Commonwealth v. LaCava*, 666 A.2d 221, 228 (Pa. 1995). Appellant has not established that the underlying claim has arguable merit. Similarly, Appellant has failed to establish that appellate counsel was ineffective for failing to pursue the claim that this portion of the detective's testimony was improper. *See Spotz*, 896 A.2d at 1210.

The second excerpt of Detective Kinavey's testimony to which Appellant objects is when the detective stated that he "interviewed Mr. Estes in a first

interview once he became truthful with his statement." N.T. Trial, 8/8/13, at 694. Once again, counsel for McCarthy objected, and the court sustained the objection. Not only did the court sustain the objection, but the jury had already been specifically instructed by the court not to give any weight to the detective's opinions on Estes's credibility. Accordingly, we agree with the PCRA court that Appellant has also failed to show that appellate counsel was ineffective as it relates to this piece of testimony. **See Commonwealth v. Hanible**, 30 A.3d 426, 461 (Pa. 2011).

Lastly, Appellant objects to Detective Kinavey's answer that Estes's demeanor was "very forthcoming" throughout his interactions with Detective Kinavey. N.T. Trial, 8/8/13, at 703. Again, counsel for McCarthy objected. The court overruled the objection, however, on the basis that the testimony went to the officer's observation. **See Commonwealth v. Buford**, 101 A.3d 1182, 1202 (Pa. Super. 2014) (trial court did not abuse its discretion in allowing detective to testify about his observation of witness's demeanor). The court also explicitly reminded the jury that it would be the one to make the ultimate determinations of credibility. Again, we see no abuse of discretion on the trial court's part and therefore agree with the PCRA court that appellate counsel was not ineffective for raising this meritless claim on appeal. **See Spotz**, 896 A.2d at 1210.

Appellant argues, in essence, that this Court's decision in **Commonwealth v. McClure**, 144 A.3d 970 (Pa. Super. 2016), compels a different conclusion. In **McClure**, this Court found that the trial court erred by

allowing a detective to testify that neither he nor the Children and Youth Services worker involved in the defendant's case believed the defendant's account of how the victim in that case had been injured. In so holding, we noted that our Supreme Court has long prohibited expert testimony on a witness's credibility. While we recognized that the detective in *McClure* had not been testifying as an expert, we reasoned that when a police officer, like an expert, offers testimony on the credibility of witnesses, such testimony could provide "an unwarranted appearance of authority in the subject of credibility." *Id.*, at 977.

We disagree with Appellant that his trial and appellate counsel were ineffective based on *McClure*. In the first place, *McClure* was decided almost three years after Appellant's trial and more than two years after he filed his notice of direct appeal. Counsel cannot be deemed ineffective for failing to predict developments in the law. *See Commonwealth v. Todaro*, 701 A.2d 1343, 1346 (Pa. 1997).

Moreover, the trial court in the instant case gave specific cautionary instructions while Detective Kinavey was on the stand, which advised the jury that it was not to consider the detective's testimony in assessing the credibility of Estes. *See* N.T. Trial, 8/8/13, at 672. Again, the jury is presumed to have followed these instructions. *See Commonwealth v. Cash*, 137 A.3d 1262, 1272 (Pa. 2016) (defendant cannot establish prejudice where jury is presumed to have followed the court's instructions). No relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/3/2020