476 A.2d 965

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Karl J. BROWN.**

Superior Court of Pennsylvania.

Argued Dec. 15, 1983.

Filed May 25, 1984.

Andrew R. Rogoff, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

John R. O'Donnell, Philadelphia, for appellee.

Before SPAETH, President Judge, and CIRILLO and JOHNSON, JJ.

SPAETH, President Judge:

This is an appeal by the Commonwealth from an order suppressing appellee's statement to the police. We reverse and remand for further proceedings.

■ The order is appealable because it is apparent from a review of the record that suppression of appellee's statement substantially handicaps the prosecution. *Commonwealth v. Lapia, Commonwealth v. Dugger,* 311 Pa.Super. 264, 457 A.2d 877 (1983). Although there were several witnesses to the incident in question, the record reveals that most of these witnesses are unable to identify appellee as the person who fired the gun. Nov. 5, 1981, Preliminary Hearing N.T. 8, 12; May 2, 1982, Rule 1100 Hearing N.T. 3. The one witness who in a statement to the police did positively identify appellee as the person who fired the gun has become uncooperative, thereby greatly reducing the value of his testimony. *See* Nov. 5, 1981, Preliminary Hearing N.T. 17–39. In addition, the complainant now lives in Puerto Rico and is therefore not available to testify. May 2, 1982, Rule 1100 Hearing N.T. 4.

■ In reviewing an order suppressing evidence, we are not bound by the trial court's conclusions of law, but we are bound by the court's findings of fact, if those findings are supported by the record. *Commonwealth v. Davis,* 491 Pa. 363, 421 A.2d 179 (1980). Here, the trial court concluded that by questioning appellee, the police deprived appellee of his right to counsel. This conclusion was based on a finding that the police violated an agreement with appellee's attorney that appellee would not be questioned. However, the finding that there was such an agreement is without support in the record.

Appellee and the Commonwealth stipulated as to what the testimony of Harris Baum, appellee's attorney, and Mitchell Kaplan, a law clerk in Mr. Baum's office, would be.

It was stipulated that Mr. Baum would testify that he "contacted Detective McCloskey by telephone; advised him that our firm was representing [appellee], and that he had discussed the matter with [appellee] and that [appellee] had been instructed, and that he had agreed that he would not give any statement to the police when he surrendered himself." April 7, 1982, Suppression Hearing N.T. 28. It was stipulated that Mr. Kaplan would testify that "he did accompany [appellee] and his parents to [the police station]; spoke initially to one detective, whose name he does not recall, and instructed that detective that [appellee] was not to be interrogated. He then subsequently spoke to Detective McCloskey, again providing him with the same information.... Namely, that [appellee] was not to give a statement at that point. After again advising [appellee] not to make any statement, Mr. Kaplan left." *Id.* at 29. Appellee testified that Mr. Baum advised him not to make a statement to the police. *Id.* at 32. He further testified that Mr. Kaplan also advised him not to make a statement, and that Mr. Kaplan informed Detective McCloskey and another detective that he had been so advised. *Id.* at 34. Detective McCloskey testified that when Mr. Kaplan advised him that appellee was not to make a statement, he replied that Mr. Kaplan should direct his advice to appellee, which Mr. Kaplan then did. *Id.* at 6. Although this evidence, which was uncontradicted, shows that appellee effectively invoked his right to remain silent, it does not show any agreement by the police not to question appellee.

■ Even if there were support in the record for the trial court's finding that the police agreed not to question appellee, the trial court's conclusion that questioning in the absence of counsel violated appellee's right to counsel was in error. In reaching this conclusion, the trial court relied on Justice ROBERTS's plurality opinion in *Commonwealth v. Lark*, 482 Pa. 292, 393 A.2d 1112 (1978), in which Justice ROBERTS expressed the view that questioning an accused in violation of an agreement with counsel constitutes a denial of the right to counsel. However, this view has not

been adopted by a majority of the Supreme Court. Nor has a majority of the Supreme Court adopted the view expressed in Justice NIX's plurality opinion in *Lark* that once counsel has undertaken to represent an accused, the accused cannot waive his right to counsel without counsel being present. The law, therefore, continues to be that an accused who has invoked his rights may change his mind and choose to waive his rights, so long as it is he who initiates further communication, and so long as his waiver is voluntary and intelligent. *See Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981); *Commonwealth v. Rigler,* 488 Pa. 441, 412 A.2d 846 (1980), *cert. denied,* 451 U.S. 1016, 101 S.Ct. 3004, 69 L.Ed.2d 387 (1981); *Commonwealth v. Nahodil,* 462 Pa. 301, 341 A.2d 91 (1975); *Commonwealth v. Mercier,* 451 Pa. 211, 302 A.2d 337 (1973); *Commonwealth v. Hawkins,* 448 Pa. 206, 292 A.2d 302 (1972).

Since the evidence that appellee effectively invoked his right to remain silent was uncontradicted, the questions the trial court needed to decide were whether it was appellee or the police who initiated further communication, and if it was appellee, whether he made a voluntary and intelligent waiver of his right to remain silent. On these questions, Detective McCloskey's testimony was contradicted by appellee's. It was therefore necessary for the trial court to determine the detective's and appellee's credibility. However, we are unable on the record before us to determine what the trial court's determination of credibility was. *Compare* April 7, 1982, Suppression Hearing N.T. 55 (Court: "I believe what Detective McCloskey had stated so I'm leaning against [appellee] on the credibility issue ....") *with* Trial Court Op. at 1 ("The conduct of Detective McCloskey, although not as blat[a]nt as interrogation, was deliberately and purposefully set out to elicit information from the defendant."). We must therefore remand for further proceedings, at which the trial court will determine who initiated further communication, and if it was appellee, whether he made a

voluntary and intelligent waiver of his right to remain silent.

The trial court's order is reversed and the case is remanded for further proceedings consistent with this opinion. Jurisdiction is relinquished.