J-A02020-16

2016 PA Super 171

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JALENE R. MCCLURE | |
| Appellant | No. 147 MDA 2015 |

Appeal from the Judgment of Sentence entered October 31, 2014
In the Court of Common Pleas of Centre County
Criminal Division at No: CP-14-CR-0001778-2012

BEFORE:  PANELLA, STABILE, and FITZGERALD,[*] JJ.

OPINION BY STABILE, J.:                    **FILED AUGUST 08, 2016**

Appellant, Jalene R. McClure, appeals from the judgment of sentence entered on October 31, 2014 following her convictions of aggravated assault, simple assault, two counts of endangering the welfare of a child, and recklessly endangering another person.[1]  Appellant also has filed an application for relief pursuant to Pa.R.A.P. 123 in response to which the Commonwealth filed a motion to strike.  We deferred disposition of both motions.  After considered review and for the reasons that follow, we vacate

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 2701(a)(1), 4304(a)(1) and 2705, respectively.

Appellant's judgment of sentence and remand for a new trial. In addition, we deny both parties' motions as moot.

The record reflects that Appellant ran a daycare business out of her home as of August 18, 2010. When the mother of five-month old P.B., one of the children entrusted to Appellant's care, picked up her daughter from Appellant's home on August 18, Appellant told the child's mother that P.B. was sick and had vomited. While driving home, the mother noticed that P.B. was losing consciousness and took her to the hospital. It was determined that P.B. had sustained head injuries, including a fractured skull and retinal hemorrhaging.

When first interviewed by Detective Dale Moore and a CYS employee on the evening of August 18, 2010, Appellant insisted nothing happened to P.B. at the daycare facility on August 18. On August 23, 2010, during a subsequent interview with Detective Moore and the CYS employee, Appellant gave a verbal statement as well as a written statement, indicating that she had tripped while carrying P.B. and fell, hitting P.B.'s head on a car seat. At trial, an expert testified P.B.'s injuries were consistent with a child who was shaken. The expert opined that the injuries were sustained at Appellant's daycare facility on August 18.

At the conclusion of the trial, a jury found Appellant guilty of the crimes listed above. The trial judge sentenced Appellant to an aggregate sentence of ten to twenty years in prison. Appellant filed post-sentence motions, which the trial court denied. This timely appeal followed.

Appellant complied with the trial court's directive to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and subsequently requested the opportunity to file a supplemental Rule 1925(b) statement, a request the trial court granted.[2]

In this appeal, Appellant presents nine issues. For ease of discussion, we have reordered the issues as follows:

1. To admit evidence on motive, there must be a logical connection between the crime and the proffered evidence. Was evidence of a contentious divorce two years after the alleged crime relevant, unfairly prejudicial and violate the spousal privilege rule?

2. Did the trial court commit error when it: (a) allowed Detective Dale Moore to admit the redacted written statement of Ms. McClure that changed an explanation of an accident into a confession or statement against interest; (b) allowed Detective Dale Moore to give improper evidence of both his and a CYS worker's opinion regarding the veracity of [Appellant's] statement; and (c) allowed Detective Dale Moore to reenact [Appellant's] demonstration of a fall in a way that was not demonstrated by [Appellant]?

3. It is error to admit evidence offered solely to engender sympathy for a victim and not relevant to a central issue at trial. Did the trial court abuse its discretion when it allowed testimony of [P.B.'s] mother regarding an unrelated diagnosis of esotropia, crossing of the eyes, which occurred two years after the alleged incident; and allowed the mother to testify regarding trips to Easter Seals and the possibility of re-injury?

_____

[2] The Commonwealth filed a motion to strike the order granting Appellant's request to file a supplemental Rule 1925(b) statement. The trial court denied the Commonwealth's motion. The Commonwealth appealed, asserting it was appealing a collateral order pursuant to Pa.R.A.P. 313. This Court disagreed and, on June 26, 2015, quashed the appeal. *See* *Commonwealth v. McClure*, 852 MDA 2015).

4. An accused has a fundamental right to present relevant evidence to rebut motive and bias. Did the court abuse its discretion when it precluded defense witnesses from testifying how [Appellant] ran her daycare; managed the stress and number of children; and that the daycare was not chaotic, unruly or stress–provoking; when the Commonwealth's theory was that [Appellant] temporarily lost control and violently assaulted [P.B.] because of that stress?

5. An accused has a constitutional right to admit evidence that logically tends to establish a material fact in the case. Did the trial court commit error when it precluded the admission of Detective Dale Moore's October 2010 statement that there was insufficient evidence to prosecute the case at that time and no charges were being filed, when the detective testified that delay in charging was due to other events?

6. Agreements with defense counsel not to question an accused without her lawyer promotes the right to a lawyer and the prompt and fair admission of the criminal justice system. Did the trial court commit error when it denied [Appellant's] motion to suppress her statements after exercising her right to an attorney and in violation of an agreement that she would not be interviewed without her attorney present?

7. A sentence must be reasonable and not excessive, consistent with protection of the public, gravity of the offense and take into account the rehabilitative needs of the defendant. Did the trial court abuse its discretion when it sentenced [Appellant] to an aggregate sentence of ten to twenty years, which exceeded the aggravated range of five and one-half years, failing to take into consideration [Appellant's] lack of prior criminal record; character; family support; rehabilitation potential; and/or recuse itself from sentencing?

8. A judge must recuse himself when his impartiality or bias can reasonably be questioned. Do hundreds of text messages between the court and the district attorney's office; ex parte communications; photographs posted on social media with members of the district attorney's office; and patently false statements made at the motion to recuse hearing raise reasonable questions regarding the court's bias and impartiality?

9. Should the appellate court remand this case for a hearing based upon court reporter Maggie Miller's affidavit regarding the district attorney's ex parte texts to the trial court in a previous criminal case?

Appellant's Brief at 5-7 (capitalization omitted).

Appellant's first five issues present evidentiary challenges. As our Supreme Court recently reiterated:

> The admissibility of evidence is a matter for the discretion of the trial court and a ruling thereon will be reversed on appeal only upon a showing that the trial court committed an abuse of discretion. *Commonwealth v. Sherwood*, 603 Pa. 92, 982 A.2d 483, 495 (2009). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Id.* (quoting *Commonwealth v. Dillon*, 592 Pa. 351, 925 A.2d 131, 136 (2007) (citation omitted)).

*Commonwealth v. Poplawski*, 130 A.3d 697, 716 (Pa. 2015).

In her first issue, Appellant contends the trial court abused its discretion by admitting evidence relating to Appellant's divorce in August of 2012, two years after the events giving rise to this case. Appellant contends the testimony was irrelevant, unfairly prejudicial and violated the spousal privilege rule. We agree with Appellant that the Commonwealth's references—during its direct examination of Appellant's former husband—to such matters as (1) an argument between Appellant and her husband during which he allegedly suggested he should ask the police to investigate how she ran the daycare, (2) Appellant and her husband separating in 2012, (3) police presence at the marital home as Appellant was removing belongings

- 5 -

in August 2012, (4) references to an "emotional meltdown" at one or two unspecified times, and (5) "out of control spending" on Appellant's part, either implicate the spousal privilege or were irrelevant to the events of August 18, 2010 and, consequently, were unfairly prejudicial to Appellant. *See* Notes of Testimony, 9/9/14, at 99-113. However, our inquiry does not end there. As our Supreme Court explained in *Poplawski*:

> In the event of an erroneous admission of evidence, a verdict can still be sustained if the error was harmless. *See Commonwealth v. Wright*, 599 Pa. 270, 961 A.2d 119, 144 (2008). An error is harmless if it could not have contributed to the verdict, or stated conversely, an error cannot be harmless if there is a reasonable possibility the error might have contributed to the conviction. *Id.*
>
> . . . .
>
> The Commonwealth has the burden of proving harmless error beyond a reasonable doubt. *Id.* at 143.

*Poplawski*, 130 A.3d at 716.

The Commonwealth suggests the "evidence concerning Appellant's mental state did not cover any time period other than the time period relevant to this crime." Commonwealth Brief at 23. Further, "[t]he Commonwealth sought to prove Appellant suffered under extreme stress in 2010 which in turn supported a reasonable inference that the stress was a contributing factor to her violent attack and injuries sustained by [P.B.]." *Id.* While the Commonwealth may have been seeking to prove that stress resulted in actions by Appellant on August 18, 2010, the questions posed to Appellant's former husband were not even remotely restricted to that time

and several specifically referenced August of 2012. Because there is a "reasonable possibility" that the error in permitting the testimony "might have contributed to the conviction," *see Poplawski*, 130 A.3d at 716, we do not find the error harmless. As this Court has recognized, "[w]hen improperly admitted testimony *may* have affected a verdict, the only correct remedy is the grant of a new trial." *Collins v. Cooper*, 746 A.2d 615, 620 (Pa. Super. 2000) (citation omitted; emphasis in original).

Although our disposition of Appellant's first issue leads us to vacate her judgment of sentence and remand for a new trial, we shall address the remaining evidentiary issues as they may arise again on remand.

In her three-pronged second issue, Appellant argues the trial court erred by refusing admission of the redacted portion of the written statement Appellant gave on August 23, 2010. Appellant also contends the trial court improperly permitted Detective Moore to testify as to his opinion—and that of a CYS employee—of the truthfulness of that statement, and erred in the way it allowed Detective Moore to demonstrate Appellant's fall. We shall address each alleged error separately.

As Appellant explains, her statement described the mechanics of her fall and what happened to P.B. during that fall. She also indicated that P.B. calmed down after the fall and then became fussy—which she attributed to teething—and then vomited later in the day. The redacted statement concluded with the comment, "The throwing up happened a few hours after I fell[.]" The following information was redacted from the original statement:

- 7 -

[The throwing up happened a few hours after I fell] so it never occurred to me or thought for even a second that [P.B.] was hurt. I would have acted immediately. I always notify my parents when their children get sick while in my care. I have had accidents happen before but there was never any serious harm done to a child. I would have acted immediately had I thought that I had harmed [P.B.] in anyway what so ever.

Commonwealth Trial Exhibit 49 (redacted portion).

Appellant argues that the redaction turned the content of her statement "from an explanation of an accident into an admission and/or confession and [Appellant] not reporting that injury." Appellant's Brief at 38. Appellant relies on Pa.R.E. 106 in support of her argument. Rule 106 (Remainder of or Related Writings or Recorded Statements) provides:

> If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time.

Pa.R.E. 106. As the comment to the rule explains:

> The purpose of Pa.R.E. 106 is to give the adverse party an opportunity to correct a misleading impression that may be created by the use of a part of a writing or recorded statement that may be taken out of context. This rule gives the adverse party the opportunity to correct the misleading impression at the time that the evidence is introduced. The trial court has discretion to decide whether other parts, or other writings or recorded statements, ought in fairness to be considered contemporaneously with the proffered part.

*Id.* (Comment).

We agree with Appellant that she should have been able to correct any misleading impression by presenting her entire statement to the jury. The

trial court's refusal to do so constitutes error of law that we cannot consider harmless. ***See Poplawski, supra.***

The next subpart of Appellant's second issue alleges error in permitting Detective Moore to express opinions about Appellant's credibility. As our Supreme Court has stated:

> The determination of the credibility of a witness is within the exclusive province of the jury.
>
>  . . . .
>
> "It is an encroachment upon the province of the jury to permit admission of expert testimony on the issue of the credibility of a witness." [***Commonwealth v. Seese***, 517 A.2d 920, 922 (Pa. 1986)]. "Whether the expert's opinion is offered to attack or to enhance, it assumes the same impact - an 'unwarranted appearance of authority in the subject of credibility which is within the facility of the ordinary juror to assess.'" ***Commonwealth v. Spence***, 534 Pa. 233, 245, 627 A.2d 1176, 1182 (1993) (citation omitted).

***Commonwealth v. Crawford***, 718 A.2d 768, 772 (Pa. 1998). Although ***Crawford*** and ***Seese*** involved experts inappropriately offering opinions on credibility, the same principle can be applied to a police officer in whose testimony a jury could find an "unwarranted appearance of authority in the subject of credibility," something ordinary jurors are able to assess. As the Commonwealth acknowledged, the fact Detective Moore charged Appellant with the crimes suggests that he did not believe Appellant. Notes of Testimony, 9/8/14, at 288. However, allowing him to express opinions that

neither he nor the CYS employee believed Appellant[3] is not only irrelevant but also prejudicial. Allowing opinions on Appellant's credibility, despite charging the jury that determinations of credibility are for the jury, constitutes error that we cannot consider harmless.

The third component of Appellant's second issue is a claim of trial court error for permitting Detective Moore to demonstrate Appellant's fall in a way, she contends, did not accurately mirror Appellant's demonstration to Detective Moore. In **Commonwealth v. Serge**, 837 A.2d 1255 (Pa. Super. 2003), this Court explained:

> Demonstrative evidence is that which is tendered for the purpose of rendering other evidence more comprehensible to the trier of fact. As in the admission of any other evidence, a trial court may admit demonstrative evidence whose relevance outweighs any potential prejudicial effect. Demonstrative evidence, however, must also be properly authenticated by evidence sufficient to show that it is a fair and accurate representation of what it is purported to depict. Pa.R.E. 901(a). Demonstrative evidence may be authenticated by testimony from a witness who has knowledge of what the evidence is proclaimed to be. Pa.R.E. 901(b)(1).

**Id.** at 1261 (internal quotations and citations omitted).

The trial court rejected Appellant's assertion, noting, "[g]enerally, demonstrative evidence is admissible if its probative value outweighs the likelihood of improperly influencing the jury. Conditions must be sufficiently close to those involved in the accident to make the probative value of the

_____

[3] Notes of Testimony, 9/8/14, at 286.

demonstration outweigh its prejudicial effect." Trial Court Opinion, 4/30/15, at 13 (quoting *Pascale v. Hechinger Co. of Pa.*, 627 A.2d 750 (1993)). As the trial court explained:

> Detective Moore demonstrated what [Appellant] explained to him occurred when she tripped and stumbled and [P.B.] hit her head on the infant carrier. The conditions of the demonstration were sufficiently similar to the incident being demonstrated. . . . The jury was instructed that when [Appellant] showed Detective Moore how she fell, she was not holding a doll. Therefore this [c]ourt determined the demonstrative evidence had significant probative value and the conditions were similar enough to outweigh any prejudicial effect.

Trial Court Opinion, 4/30/15, at 13-14. We agree. Further, to the extent the demonstration did not mirror Appellant's description of the fall, Appellant's counsel was able to challenge the demonstration on cross-examination. We find no abuse of discretion in permitting Detective Moore to demonstrate the fall.

In her third issue, Appellant contends the trial court abused its discretion by permitting P.B.'s mother to testify that P.B. was diagnosed with esotropia, *i.e.*, crossing of the eyes, two years after the incident and to testify about trips to Easter Seals and the possibility of re-injury. Appellant contends the testimony was irrelevant and was intended to engender sympathy from the jury.

The trial court rejected Appellant's argument, explaining:

> The Commonwealth did not frame the question in a manner to elicit testimony regarding esotropia. [Appellant's] counsel had asked P.B.'s mother on cross-examination if her daughter is currently "doing well." [Notes of Testimony,] 9/8/14 at 163. On re-direct, the Commonwealth asked "what are her ongoing

- 11 -

issues [] as a result of her skull fracture and hematomas." *Id.* at 194.

Trial Court Opinion, 4/30/15, at 14. The trial court then provided an excerpt from subsequent testimony in which P.B.'s mother was asked, "[a]nd in fairness, they're not totally sure the eye crossing is from this, they can't rule it in or out?" Notes of Testimony, 9/8/14, at 198. The mother responded, "Correct." *Id.*

While Appellant's counsel opened the door that enabled the Commonwealth to elicit the testimony, the jury was free to discount it in light of the absence of expert testimony to support it. We do not find any abuse of discretion in permitting the testimony.

As for visiting Easter Seals and the possibility of re-injury, again, the defense opened the door on P.B.'s status by asking the question on cross-examination. Further, as the trial court notes, "the nature and extent of [P.B.'s] injuries are relevant as one of the elements of aggravated assault is serious bodily injury. The Commonwealth bears the burden of proving the serious bodily injury element beyond a reasonable doubt. Therefore, the nature of the victim's injuries was undoubtedly relevant and admissible." Trial Court Opinion, 4/30/15, at 15. We agree. We find no abuse of discretion in permitting the testimony under the circumstances.

In her fourth issue, Appellant asserts the trial court erred by precluding testimony about Appellant's running of her daycare because the Commonwealth's theory was that Appellant lost control and violently

assaulted P.B. due to the stress associated with running the business. However, Appellant was not precluded from presenting such testimony, as is evidenced by the trial court's pre-trial ruling in which it held:

> 11. The Commonwealth's Motion in Limine seeking to preclude [Appellant] from alleging that she has run a "successful daycare for 11 years" is **Granted** in part, and **Denied** in part. [Appellant] may not characterize the daycare using adjectives such as "successful" but may provide facts regarding how long she has operated a day care business and facts concerning whether she has had any previous incidents with injuries.

Trial Court Order, 9/5/14, at 4 (emphasis in original). As the Commonwealth correctly observes, Appellant did in fact present testimony concerning the operation of her daycare through the testimony of women whose children were cared for by Appellant. *See, e.g.*, Notes of Testimony, 9/10/14, at 256-271 (Testimony of Jennifer Lindeman) and at 275-282 (Testimony of Christina Welch). Appellant's fourth issue fails for lack of merit.

In her fifth issue, Appellant argues the trial court erred by precluding admission of a statement from October 2010 when Detective Moore purportedly commented to an insurance adjuster that the evidence was insufficient to prosecute Appellant. We find this issue devoid of merit. The testimony was not that Detective Moore stated prosecution was foreclosed. Rather, the testimony was that, in October of 2010, Detective Moore left a voicemail message for the adjuster indicating that, "at this time," the evidence was not sufficient. Notes of Testimony, 9/9/14, at 240. Further, as the Commonwealth notes, it is up to the District Attorney, not the

investigating detective, to decide whether the evidence is believed to be sufficient to support a conviction. *Id.* at 44.

In her sixth issue, Appellant complains the trial court erred by denying the motion to suppress her August 23, 2010 statement in light of the violation of an agreement that she would not be interviewed without an attorney. We reject Appellant's assertion. Appellant initially told Detective Moore she wanted to discuss some matters with her attorney before speaking with him. However, she subsequently contacted Detective Moore and said she was tired of not hearing back from her attorney and would meet with him. As this Court has recognized, "[A]n accused who has invoked his rights may change his mind and choose to waive his rights, so long as it is he who initiates further communication, and so long as his waiver is voluntary and intelligent." *Commonwealth v. Brown*, 476 A.2d 965 (Pa. Super. 1984). Appellant's sixth issue fails.

In her seventh issue, Appellant argues that her sentence is excessive. Because we have vacated her judgment of sentence, the issue is moot. However, we note, as the Commonwealth correctly indicates, because Appellant presented a challenge to the discretionary aspects of sentence, the challenge was waived because Appellant failed to include in her brief a Rule 2119(f) concise statement of the reasons relied upon for allowance of appeal.

In her eighth and ninth issues, Appellant contends the trial court erred by denying her motion for recusal and seeks a remand for a hearing relating

to alleged ex parte communications between the District Attorney and the trial court in a previous criminal case. In light of the fact we have vacated Appellant's judgment of sentence and are remanding for a new trial, together with the fact the trial judge has since retired from the bench, we find Appellant's final two issues also are moot.

Finally, with regard to the outstanding applications for relief filed during the pendency of this appeal, which include Appellant's request for an evidentiary hearing in relation to Appellant's recusal request and the Commonwealth's request to strike an exhibit from Appellant's application for relief, we find that both applications are rendered moot by our rulings on the issues discussed above. Therefore, we deny both applications as moot.

Judgment of sentence vacated. Case remanded for further proceedings consistent with this Opinion. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/8/2016

- 15 -