J-S43005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WARREN DAVID YOUNG | |
| Appellant | No. 1093 WDA 2016 |

Appeal from the Judgment of Sentence Entered June 30, 2016
In the Court of Common Pleas of Bedford County
Criminal Division at No: CP-05-CR-0000347-2014

BEFORE:  STABILE, SOLANO, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED SEPTEMBER 25, 2017**

Appellant, Warren David Young, appeals from the June 30 2016 judgment of sentence imposing an aggregate 48 to 96 years of incarceration for rape of a child, statutory sexual assault, involuntary deviate sexual intercourse with a child, and related offenses.[1]  Counsel has filed a brief and petition to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We affirm the judgment of sentence and grant the petition to withdraw.

The charges stem from Appellant's sexual victimization of his stepdaughter, M.M.  The victim testified that she remembered Appellant

_____

[*] Former Justice specially assigned to the Superior Court.

[1]  18 Pa.C.S.A. §§ 3121(c), 3122, and 3123(b), respectively.

touching her vagina when she was seven or eight years old. N.T. Trial, 12/1/15, at 47-48, 52. Appellant began performing oral sex on her when she was nine or ten. *Id.* at 48-49. Appellant also made the victim rub his penis with her hand, and perform oral sex on him. *Id.* at 49. These offenses occurred in the bathroom and bedroom of the family's singlewide trailer, while the victim's older brothers were playing outside. *Id.* at 52-53. All of the offenses save one occurred when the victim's mother was not at home. *Id.* at 74. The victim eventually divulged Appellant's conduct to her fifth-grade teacher. *Id.* at 181-84. The teacher took her to the school nurse, who described the victim's account as "[v]ery concerned, very sincere, very questioning." *Id.* at 189. The victim's mother testified that she did not know what to believe about the victim's allegations, but she also testified that she did not know the victim to make up lies. *Id.* at 198, 218.

Appellant testified in his own defense. He claimed he weighed 320 pounds before he went to jail and the acts the victim described in the bathroom of the trailer were physically impossible. *Id.* at 323-24. Appellant also claimed he had been on blood pressure medication that made it difficult for him to get an erection, such that each act could not have happened within the time span the victim alleged. *Id.* at 322.

At the conclusion of trial, the jury found Appellant guilty of the aforementioned offenses. At a June 30, 2016 sentencing proceeding, the trial court found Appellant to be a sexually violent predator and imposed a

lifetime registration requirement along with the sentence of incarceration set forth above. Appellant filed a timely post-sentence motion, which the trial court denied on July 15, 2016. This timely appeal followed.

Before we address the merits, we consider the adequacy of counsel's compliance with **Anders** and **Santiago**. Our Supreme Court requires counsel to do the following.

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Counsel must also advise the defendant of his rights to "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007), **appeal denied**, 936 A.2d 40 (Pa. 2007). We believe counsel's summary of the facts and record citations could and should have been more thorough. Nonetheless, counsel's filing substantially complies with **Anders** and **Santiago**. We will now consider the merits.

The **Anders** brief addresses the sufficiency of the evidence. We review that issue as follows:

> When evaluating a sufficiency claim, our standard is whether, viewing all the evidence and reasonable inferences in the light most favorable to the Commonwealth, the factfinder reasonably could have determined that each element of the crime was established beyond a reasonable doubt. This Court considers all the evidence admitted, without regard to any claim that some of the evidence was wrongly allowed. We do not weigh the evidence or make credibility determinations. Moreover, any doubts concerning a defendant's guilt were to be resolved by the factfinder unless the evidence was so weak and inconclusive that no probability of fact could be drawn from that evidence.

**Commonwealth v. Kane**, 10 A.3d 327, 332 (Pa. Super. 2010), **appeal denied**, 29 A.3d 796 (Pa. 2011).

Counsel states, and we agree, that the result of the trial depended on the jury's assessment of the victim's credibility and that of her stepfather. Assessment of credibility is solely within the province of the jury. **Commonwealth v. McClure**, 144 A.3d 970, 977 (Pa. Super. 2016). The jury obviously credited the victim's testimony, and her testimony provides sufficient evidence in support of the convictions. We agree with counsel that a challenge to the sufficiency of the evidence lacks arguable merit.

Next, the **Anders** brief addresses the discretionary aspects of Appellant's sentence. In order to preserve this issue, an appellant must preserve it in a post-sentence motion, file a timely notice of appeal, include in his brief a Pa.R.A.P. 2119(f) statement, and present a substantial question for review. **Commonwealth v. Dewey**, 57 A.3d 1267, 1269 (Pa. Super.

2012). Appellant has complied with the filing formalities, and his Rule 2119(f) statement alleges that the sentencing court overlooked Appellant's rehabilitative needs by effectively imposing a life sentence. An allegation that the trial court overlooked an appellant's rehabilitative needs does not present a substantial question. *Commonwealth v. Caldwell*, 117 A.3d 763, 769 (Pa. Super. 2015), *appeal denied*, 126 A.3d 1282 (Pa. 2015). Thus, this issue is not of arguable merit. Were we to address the merits, we would not grant relief. The trial court imposed guideline range sentences, and the court gave a thorough explanation of its reasons for running several of the sentences consecutively. N.T. Sentencing, 6/30/16, at 27-30.

Thus, we agree with counsel that the issues presented in the *Anders* brief are not of arguable merit. Appellant has not raised any additional issues. In addition, we have examined the record and found no non-frivolous basis for an appeal. We observe, in particular, that Appellant did not file a motion to dismiss this case under Pa.R.Crim.P. 600, nor did he file a motion to suppress evidence. Nor did Appellant lodge any substantial objections during trial that might form the basis for an arguably meritorious appellate issue.

For all of the foregoing reasons, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/25/2017