J-S10007-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SCOTTY LEE CHUBB | : | |
| | : | |
| Appellant | : | No. 1505 MDA 2019 |

Appeal from the Judgment of Sentence Entered September 6, 2019
In the Court of Common Pleas of Snyder County Criminal Division
at No(s):  CP-55-CR-0000366-2018

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.:         **FILED: APRIL 6, 2020**

Scotty Lee Chubb appeals from the judgment of sentence entered in the Snyder County Court of Common Pleas. On appeal, Chubb argues the trial court erred in admitting hearsay testimony at trial. After careful review, we affirm.

Chubb was charged with four counts of possession with intent to distribute heroin and two counts of criminal use of a communication facility.[1] A jury convicted Chubb of all six counts. The trial court sentenced Chubb to an aggregate sentence of 52 to 150 months' imprisonment. Further, the trial court, pursuant to 61 Pa. C.S.A. §§ 4501-4512, imposed a recidivism risk reduction incentive ("RRRI") sentence of 39 months.

---

[1] *See* 35 P.S. §780-113(a)(30) and 18 Pa. C.S.A. §7512(a).

Shortly thereafter, the Commonwealth filed a motion to amend Chubb's RRRI sentence from 39 months to 43 months and 10 days. The trial court granted the Commonwealth's motion, and Chubb filed a motion to reconsider, which was denied.[2] This timely appeal followed.

In his only issue, Chubb argues that it was erroneous for the trial court to admit hearsay testimony given by Agent Andrew Sproat regarding the results of the search of the confidential informant prior to the sale. *See* Appellant's Brief, at 14. We review a trial court's evidentiary rulings, including rulings on the admission of hearsay for an abuse of discretion. *See Commonwealth v. Walter*, 93 A.3d 442, 449 (Pa. Super. 2014). Hearsay is an out-of-court statement offered for the truth of the matter asserted. *See* Pa.R.E. 801(c). Generally, hearsay evidence is inadmissible unless it falls within one of the exceptions to the hearsay rule set forth in the Rules of Evidence. *See Commonwealth v. Yarris*, 731 A.2d 581, 591 (Pa. 1999).

Specifically, Chubb alleges that Agent Sproat's testimony was impermissible hearsay because he did not personally conduct the search. *See* Appellant's Brief, at 14. Detective William Knights, who was an unavailable witness, conducted the search. *See id*., at 13. As such, Chubb contends that he suffered prejudice due to the admission of this hearsay evidence. *See id*., at 14.

_____

[2] Chubb filed a direct appeal during the pendency of his post-sentence motion. As a result, Chubb's direct appeal was quashed as premature pursuant to *Commonwealth v. Claffey*, 80 A.3d 780, 783 (Pa. Super. 2013). *See* Superior Court Order, 08/21/2019.

Both the Commonwealth and the trial court contend that Chubb has waived this issue by failing to object before the witness answered the question. In the alternative, both assert that any error in admitting the evidence was harmless.

We agree that any error in the trial court's ruling was harmless when viewed against the record as a whole. Even where the trial court erroneously admits evidence, this Court may still sustain the verdict if it finds the error harmless. **See Commonwealth v. McClure**, 144 A.3d 970, 975 (Pa. Super. 2016). An error is harmless only if it could not have contributed to the verdict. **See id**., at 975-976. This Court will find harmless error where the error did not prejudice the appellant, or the prejudice was *de minimis*. **See Commonwealth v. Brown**, 185 A.3d 316, 330 (Pa. 2018). Similarly, where "the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict," we will deem the error harmless. **Id**. (citation omitted).

Here, we must note that Chubb makes only a bald assertion of prejudice based upon the admissibility of hearsay testimony. In contrast, we note the hearsay evidence only concerned the results of a search of the confidential informant prior to the controlled buy.

Far from being a major piece of the Commonwealth's case, this evidence was presented merely to reinforce the eyewitness testimony that Chubb gave the confidential informant narcotics. Notably, the confidential informant

testified that he arranged to buy heroin from Chubb. *See* N.T., Jury Trial, 5/21/19, at 122. He was strip searched, and testified that he had no narcotics on him prior to the controlled buy. *See id*. The police provided him with currency with recorded serial numbers. *See id*., at 124. Police searched his vehicle prior to the buy and found no narcotics. *See id*., at 124-125.

The confidential informant then purchased seven bags of heroin from Chubb for $100. *See id*., at 127. Two undercover police officers were sitting within five feet of the transaction. *See id*. Another officer sat in the confidential informant's vehicle and watched the transaction from there. *See id*., at 54. When the confidential informant returned to his vehicle, he handed the officer seven bags of heroin. *See id*., at 62-68. The confidential informant stated that he had provided the currency to Chubb in exchange for the heroin. *See id*., at 72, 135.

Given this record, we are satisfied, beyond a reasonable doubt, that testimony regarding the results of the search prior to the sale, if error at all, was harmless. *See Commonwealth v. Hardy*, 918 A.2d 766, 777 (Pa. Super. 2007). The jury clearly credited the confidential informant's testimony, as well as the testimony of the surveilling officers. The informant testified that the police found no narcotics on him when he was strip-searched. We therefore conclude that any error in allowing one officer, who was not present for the strip-search, to testify to the results of the search was harmless error.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/06/2020