J-S14006-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TABITHA MARIE MURPHY | : | |
| | : | |
| Appellant | : | No. 1452 MDA 2020 |

Appeal from the Judgment of Sentence Entered October 16, 2020
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000017-2020

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                        **FILED JULY 01, 2021**

Tabitha Murphy appeals from the judgment of sentence of seventy-four days to twenty-three months of imprisonment followed by two years of probation, which was imposed after Appellant was convicted at a jury trial of criminal conspiracy to commit burglary.  We affirm.

The following facts are relevant to Appellant's conviction.  After closing hours at Mulligan's Bar in Shenandoah, Schuylkill County, Pennsylvania on December 27, 2018, someone broke into a video skill machine, and stole approximately $1000.  N.T. Jury Trial, 1/7/21, at 31-33.  The bar was equipped with video surveillance.  At trial, Officer Adam Sajone narrated what was shown on the videotape.  The surveillance footage depicted Kyra Honsby and Appellant inside the bar near a pool table around 2:00 a.m.  Thereafter, Honsby entered the bar's bathroom at 2:09 a.m., followed nine seconds later

by Appellant. *Id*. at 63-64, 72-73, 113. A few minutes later, Appellant was shown leaving the bathroom. *Id*. at 64.

The bar patrons, including Appellant, departed shortly thereafter and the employees cleaned the bar and left. *Id*. at 72-74. At 3:57 a.m., the video depicts Honsby exiting the bathroom, walking along the wall of the establishment toward the back door. She unlocked the back door and hid under a table. *Id*. at 75-76. Shortly thereafter, a person entered who was wearing a face covering. Honsby identified that person as Appellant. *Id*. at 75-76. Appellant brought a change of clothes for Honsby to alter her appearance. *Id*. at 76. The two women walked toward the video skill machines before the surveillance video went black.

Honsby testified at trial that she and Appellant, who had been friends for many years, had a conversation prior to or on the night in question about their mutual need for money and the possibility of robbing Mulligan's Bar. *Id*. at 37-40. Honsby recounted the following. When the women went into the bathroom that night, they removed the ceiling tiles. Appellant gave Honsby a boost onto the beam in the ceiling, and then replaced the ceiling tiles. *Id*. at 40-42. After the bar was empty, Honsby left her hiding place in the ceiling. Believing that a surveillance camera would only capture the left side of the bar, she hugged the wall as she proceeded to the rear of the bar to unlock the back door for Appellant. *Id*. at 74-76. The video went black when Honsby placed a shoe over the camera lens, which she did not remove until she and

her accomplice were exiting the bar. *Id*. at 53-54. The women used a crowbar to break into the skill machine and stole between $1,500 and $1,600 from it, which was later split evenly between them. *Id*. at 46-48.

Appellant testified at trial. She stated that she and her boyfriend had been at Mulligan's Bar that night but left the bar at closing and did not return. *Id*. at 104-107. Appellant maintained that Honsby was not in the bathroom when she entered and, furthermore, that Honsby could not have hidden in the ceiling of the women's bathroom, as it was a solid rather than a dropped ceiling.[1] *Id*. at 104, 109. Appellant and two other witnesses testified that they drove to Hazleton that night and did not return to Shenandoah until after 5:00 a.m. the next morning. *Id.* at 93, 99-100, 107.

A jury found Appellant guilty of criminal conspiracy to commit burglary, and not guilty of burglary, criminal trespass, theft by unlawful taking, and receiving stolen property. The court sentenced Appellant to a term of seventy-four days to twenty-three months imprisonment followed by a two-year term of probation. Appellant received seventy-four days of credit for time spent incarcerated prior to sentencing and was granted immediate parole.

---

[1] Officer Sajone confirmed that there were two bathrooms in close proximity in the bar, one of which had a dropped ceiling that he removed to reveal a wooden beam.

On November 6, 2020, Appellant filed a notice of appeal and one day later, a concise statement of the matters complained on appeal. In this appeal, Appellant raises a single issue with two subparts:

I.    Did the [t]rial [c]ourt err in finding that the Commonwealth proved Count II [c]onspiracy to commit burglary beyond a reasonable doubt?

    A. Did the Commonwealth fail to sufficiently establish that [Appellant] agreed to commit the crime with her co-conspirator?

    B. Did the Commonwealth fail to sufficiently establish that an overt act in pursuance of such conspiracy was committed?

Appellant's brief at 3.

Appellant presents a challenge to the sufficiency of the evidence underlying her conspiracy conviction. A challenge to the sufficiency of the evidence presents a question of law. *In re Vencil*, 120 A.3d 1028, 1032 (Pa.Super. 2015). Hence, our standard of review is *de novo* and our scope of review is plenary. *Id*.

Furthermore,

In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence.

- 4 -

***Commonwealth v. Williams***, 176 A.3d 298, 305-06 (Pa.Super. 2017) (citations and quotation marks omitted).

Appellant was convicted of criminal conspiracy to commit burglary. A person commits a burglary if he/she enters a building with the intent to commit a crime therein. 18 Pa.C.S. § 3502. Title 18 Pa.C.S. § 903 defines conspiracy as follows:

a) **Definition of conspiracy. –** A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S. § 903.

It is the Commonwealth's burden to prove "that defendant (1) entered into an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent and (3) an overt act was done in furtherance of the conspiracy." ***Commonwealth v. Melvin***, 103 A.3d 1, 42 (Pa.Super. 2014) (citation omitted). Herein, the Commonwealth was required to prove that Appellant and Honsby agreed to commit a burglary and that an overt act was undertaken in furtherance of that agreement.

Appellant contends that the Commonwealth failed to establish two of the three elements of the offense of conspiracy, namely that she agreed to commit the crime with Honsby and that she committed an overt act in pursuance of such conspiracy. Appellant's brief at 13-14. Appellant argues further that the only evidence connecting her to the burglary was the testimony of Honsby, her alleged co-conspirator, and that Honsby's testimony was unreliable because it was inconsistent with prior statements Honsby made to police. *Id*. at 15. In short, Appellant contends that Honsby's testimony identifying Appellant as the second person involved in the burglary was legally insufficient.

The law is well settled that uncorroborated testimony of a co-conspirator is sufficient to establish all elements of criminal conspiracy. ***Commonwealth v. Kersten***, 482 A.2d 600, 603 (Pa.Super. 1984); ***Commonwealth v. Lamb***, 455 A.2d 678 (Pa.Super. 1983). Thus, Appellant's argument that Honsby's testimony should be disregarded merely because she was one of the conspirators is unavailing. Appellant claims further that Honsby's testimony regarding their agreement to rob the bar skill machine was unreliable due to inconsistent statements she made to the police, as well as apparent confusion regarding what occurred that night.

As to the first element of criminal conspiracy, an agreement to commit or aid in an unlawful act with another person or persons, this Court has previously stated that:

An explicit or formal agreement to commit crimes can seldom, if ever, be proved and it need not be, for proof of a criminal partnership is almost invariably extracted from the circumstances that attend its activities. Thus, a conspiracy may be inferred where it is demonstrated that the relation, conduct, or circumstances of the parties, and the overt acts of the co-conspirators sufficiently prove the formation of a criminal confederation. The conduct of the parties and the circumstances surrounding their conduct may create a web of evidence linking the accused to the alleged conspiracy beyond a reasonable doubt. Even if the conspirator did not act as a principal in committing the underlying crime, [she] is still criminally liable for the actions of his co-conspirators taken in furtherance of the conspiracy.

*Commonwealth v. Johnson*, 180 A.3d 474, 479 (Pa.Super. 2018) (citation omitted).

Appellant's argument regarding the unreliability of Honsby's testimony goes to the weight of the evidence, not to its sufficiency. *See Commonwealth v. Lewis*, 911 A.2d 558, 565-66 (Pa.Super. 2006). "The determination of credibility of a witness is within the exclusive province of the jury." *Commonwealth v. McClure*, 144 A.3d 970, 977 (Pa.Super. 2016) (citation omitted). Here, the jury found credible Honsby's testimony that she and Appellant planned to rob the bar's skill machines and that Appellant boosted Honsby into the ceiling beam of the bathroom to facilitate the theft. Honsby's testimony is further corroborated by video surveillance showing Honsby opening the back door for Appellant. The evidence, credited by the jury, established an agreement between the two friends to rob the skill machines.

Appellant's second argument is much the same. She contends that the Commonwealth failed to sufficiently establish that she committed an overt act in furtherance of the burglary as the only evidence of such was offered by Honsby. *See* Appellant's brief at 20-23.

To sustain a conviction for criminal conspiracy, there must have been sufficient evidence for the jury to conclude that "an overt act in pursuance of such conspiracy . . . [was] done by [her] or by a person with whom [she] conspired. 18 Pa.C.S. § 903(e). An overt act is defined as an act done in furtherance of the object of the conspiracy. *Commonwealth v. Weimer*, 977 A.2d 1103, 1106 (Pa. 2009). "The overt act need not accomplish the crime – it need only be in furtherance thereof. In fact, no crime at all need be accomplished for the conspiracy to be committed." *Id*. Additionally, "[t]he defendant does not need to commit the overt act; a co-conspirator may commit the overt act." *Commonwealth v. Lambert*, 795 A.2d 1010, 1016 (Pa.Super. 2002) (*en banc*) (citation omitted).

The record contains evidence of numerous overt acts committed by co-conspirator Honsby that are sufficient to satisfy the Commonwealth's burden. Furthermore, Appellant concedes that there was evidence that she committed overt acts in furtherance of the conspiracy, but casts aspersions on such evidence as it was offered by her co-conspirator. We have already established that any element of a conspiracy can be met by the testimony of a co-conspirator. *See Kersten*, *supra*. Moreover, Appellant's argument again

goes to the weight of the evidence, not its sufficiency. Finally, Appellant ignores our standard of review. Viewing the testimony in the light most favorable to the Commonwealth, the evidence established that Appellant committed overt acts in pursuance of the conspiracy. Honsby identified Appellant as the person whom she admitted through the back door after the bar had closed and who brought clothes to change Honsby's appearance. *See* N.T. Jury Trial, 1/7/21, at 44-46. Appellant had earlier boosted Honsby onto the beam in the ceiling of the bathroom in anticipation of robbing the machines in the bar after closing. *Id*. at 40-41. She testified further that Appellant assisted Honsby in breaking open the skill machines and stealing the money. *Id*. at 44-46. Appellant's overt acts were further substantiated by the video surveillance footage captured the night of the incident. Based on the foregoing, we find sufficient evidence to support the conspiracy conviction.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/01/2021