J-S25008-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM LOWERY | : | |
| | : | |
| Appellant | : | No. 515 WDA 2021 |

Appeal from the PCRA Order Entered March 22, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0002846-2017

BEFORE: BENDER, P.J.E., DUBOW, J., and KING, J.

MEMORANDUM BY BENDER, P.J.E.:                     **FILED: AUGUST 19, 2022**

Appellant, William Lowery, appeals from the post conviction court's March 22, 2021 order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

In August of 2017, a jury convicted Appellant of three counts of aggravated indecent assault, one count of criminal solicitation, three counts of endangering the welfare of a child, three counts of corruption of minors, and six counts of indecent assault of a person less than 13 years of age. Appellant's convictions stemmed from evidence that he sexually abused three young girls who were being fostered by Appellant's girlfriend. The victims ranged in age from 2 to 9 when the abuse began. The girls did not tell each other about the abuse, or report it to any adult, for several years.

On November 19, 2017, the court sentenced Appellant to an aggregate term of 14½ to 29 years' incarceration. We affirmed his judgment of sentence

on January 24, 2019. *See Commonwealth v. Lowery*, 209 A.3d 528 (Pa. Super. 2019) (unpublished memorandum). Appellant did not petition for allowance of appeal with our Supreme Court.

Instead, on August 26, 2019, Appellant filed a timely, *pro se* PCRA petition. Counsel was appointed to represent him, and subsequently filed an amended petition on December 10, 2020. On February 22, 2021, the PCRA court filed a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. He did not respond, and on March 22, 2021, the court issued an order dismissing his petition.

Appellant filed a timely notice of appeal, and he also timely complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, Appellant states two issues for our review, which we reorder for ease of disposition:

1. Whether trial counsel provided ineffective assistance by failing to properly object to Detective Michael Opferman's testimony that bolstered the victims' credibility?

2. Whether appellate counsel provided ineffective assistance by failing to raise the issue to the Superior Court that the [PCRA] court erred in overruling Appellant's objection and permitting Detective Michael Opferman to testify as to the victims' credibility?

Appellant's Brief at 4 (unnecessary capitalization omitted).

"This Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Morales*, 701 A.2d 516, 520 (Pa. 1997)

- 2 -

(citing **Commonwealth v. Travaglia**, 661 A.2d 352, 356 n.4 (Pa. 1995)).

Where, as here, a petitioner claims that he or she received ineffective

assistance of counsel, our Supreme Court has directed that the following

standards apply:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." [**Commonwealth v.**] **Colavita**, … 993 A.2d [874,] 886 [(Pa. 2010)] (citing **Strickland** [**v. Washington**, 466 U.S. 668 … (1984)]). In Pennsylvania, we have refined the **Strickland** performance and prejudice test into a three-part inquiry. **See** [**Commonwealth v.**] **Pierce**, [527 A.2d 973 (Pa. 1987)]. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. **Commonwealth v. Ali**, … 10 A.3d 282, 291 (Pa. 2010). "If a petitioner fails to prove any of these prongs, his claim fails." **Commonwealth v. Simpson**, … 66 A.3d 253, 260 ([Pa.] 2013) (citation omitted). Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. **See Ali**, **supra**. Where matters of strategy and tactics are concerned, "a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." **Colavita**, … 993 A.2d at 887 (quotation and quotation marks omitted). To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." **Commonwealth v. King**, … 57 A.3d 607, 613 ([Pa.] 2012) (quotation, quotation marks, and citation omitted). "'[A] reasonable probability is a

probability that is sufficient to undermine confidence in the outcome of the proceeding.'" ***Ali***, … 10 A.3d at 291 (quoting ***Commonwealth v. Collins***, … 957 A.2d 237, 244 ([Pa.] 2008) (citing ***Strickland***, 466 U.S. at 694….)).

***Commonwealth v. Spotz***, 84 A.3d 294, 311-12 (Pa. 2014).

Both of Appellant's issues involve his counsel's handling of the following testimony by Detective Opferman during the Commonwealth's direct-examination:

[The Commonwealth:] Do you recall on how many occasions you spoke with [the victims]?

[Detective Opferman:]. Two other times besides the initial one.

[The Commonwealth:] And your interaction with them, in talking to them about the facts of this case, have they been consistent in what occurred to them when they were younger?

[Defense Counsel]: Your Honor, may we approach?

THE COURT: You may.

{Discussion at sidebar.}

[Defense Counsel]: Your Honor, I am going to object to the question by [the Commonwealth] asking the Officer whether or not the statements have been consistent. I am assuming that she would be relying on the hearsay exception regarding recent fabrication as the allowance for prior consistent statements. There has not been any allegation of recent fabrication, but fabrication throughout. And the case law is different regarding the two.

THE COURT: Okay, all of the witnesses who testified regarding the prompt reports would fall into the same category, essentially; and this particular witness, his testimony is with regard to the consistency of their disclosures to him.

The case law on victims of sexual assault is clear that they will be challenged with regard to their veracity, so prior consistent states are permitted, even in the Commonwealth['s] case.

[The Commonwealth]: Thank you, your Honor.

(End of side bar discussion.)

THE COURT: The objection is overruled.

＊＊＊

[The Commonwealth]: Detective, you can answer the question.

[Detective Opferman:] Yes, they have been consistent with their statements.

N.T. Trial, 8/16/17-8/17/17, at 142-44.

In Appellant's first issue, he argues that his "[t]rial counsel provided ineffective assistance by failing to properly object to Detective Opferman's testimony regarding the victims' consistency." Appellant's Brief at 24. According to Appellant, Detective Opferman's "blanket statement that the victims [had] been consistent throughout" was "nothing more than improper bolstering of the victims' credibility." *Id.* Appellant observes that "[w]itnesses, expert or lay, are prohibited from testifying as to the credibility of other witnesses." *Id.* at 25 (citing *Commonwealth v. Yockey*, 158 A.3d 1246, 1255 (Pa. Super. 2017)). He stresses that it "has been a longstanding principle in Pennsylvania that credibility determinations are to be left to the jury, and to have a witness testify to another witness'[s] credibility is irrelevant and prejudicial." *Id.* (citing *Commonwealth v. McClure*, 144 A.3d 970, 977 (Pa. Super. 2016) (citation omitted)).

Appellant recognizes that a witness's prior consistent statement is admissible to rehabilitate their credibility under Pennsylvania Rule of Evidence

613(c).[1]  He contends, however, that "Detective Opferman's testimony did not constitute a prior consistent statement [but], instead, it was improper testimony as to the victims' credibility."  Appellant's Brief at 28-29.  He elaborates:

> Detective Opferman was not testifying as to a specific statement that [any] of the victims previously said to him in order to prove that it was consistent with their testimony at trial.  Rather, Detective Opferman was giving a blanket statement as to the victims' credibility.  In essence, by Detective Opferman['s] testifying to the jury that the victims "have been consistent with their statements," the Commonwealth introduced improper testimony as to the victims' credibility under the guise of a prior consistent statement.

*Id.* at 28.  Therefore, Appellant concludes that there is arguable merit to his claim that trial counsel should have objected to the detective's testimony as improper bolstering of the victims' credibility.

---

[1] That rule states:

> **(c) Witness's Prior Consistent Statement to Rehabilitate.** Evidence of a witness's prior consistent statement is admissible to rehabilitate the witness's credibility if the opposing party is given an opportunity to cross-examine the witness about the statement and the statement is offered to rebut an express or implied charge of:
>
> > (1) fabrication, bias, improper influence or motive, or faulty memory and the statement was made before that which has been charged existed or arose; or
> >
> > (2) having made a prior inconsistent statement, which the witness has denied or explained, and the consistent statement supports the witness's denial or explanation.

Pa.R.E. 613(c).

In rejecting this argument, the PCRA court concluded that Detective Opferman's testimony was not impermissible commentary on the victims' credibility, explaining:

> Detective Opferman testified that he spoke with the three minor victims in this case on three occasions, and that they were consistent on each occasion in relating to the [d]etective what had happened to them. [N.T. Trial] at 141-143[]. Taken at face value, Detective Opferman's statement does not bolster the credibility of the victims. The jury could have concluded that the children's consistency was the result of a well-rehearsed lie just as easily as they could have concluded that the children told the truth. Detective Opferman did not opine as to the children's credibility or whether they should be believed.

PCRA Court Opinion (PCO), 6/21/21, at 3-4.

We discern no error or abuse of discretion in the PCRA court's decision.

As the Commonwealth correctly observes,

> in cases where this Court has found there was improper lay witness bolstering of a witness's testimony, the facts are markedly different. For example, in **Yockey**, this Court found that the trial court committed harmless error by permitting a witness to testify that another witness was "lying[.]"[] **Yockey** … 158 A.3d at 1255. Similarly, in **McClure**, a police detective testified that he did not believe the explanation given by the defendant daycare worker concerning a child's injuries. This Court found the detective's testimony to be improper bolstering. **McClure**, … 144 A.3d at 977. **See also Commonwealth v. Loner**, 609 A.2d 1376, 1377 (Pa. Super. 1992) (holding that [the] child caseworker's testimony that she believed victim's report of abuse improperly bolstered the victim's veracity).

> ***

> [I]n the instant case, Detective Opferman did not testify that he believed the victims or disbelieved [A]ppellant. Detective Opferman offered no opinion whatsoever regarding the credibility of the victims in this case. The testimony at issue, "Yes, they have

- 7 -

been consistent with their statements," (N[.]T[. Trial] at 143), is not an opinion regarding credibility, it is Detective Opferman's perception that the victims relayed the same information to him during each time he interviewed them. As the controlling case law makes clear that Detective Opferman's testimony was admissible, [A]ppellant cannot demonstrate that the trial court committed an abuse of discretion in admitting it.

Commonwealth's Brief at 24-25, 26-27.

We agree with the PCRA court and the Commonwealth that Detective Opferman's testimony did not impermissibly bolster the victims' credibility. Thus, we conclude that Appellant's claim that his trial counsel should have objected to the at-issue testimony on this basis lacks arguable merit.

In any event, we would also conclude that Appellant has not demonstrated he was prejudiced by counsel's purported error in this regard. Appellant's entire argument regarding the prejudice he purportedly suffered consists of the following few sentences:

There is a reasonable probability that the results of the trial would have been different had trial counsel properly objected. Had counsel provided the trial court with the correct rationale, [the trial court] would have granted Appellant's objection. Without hearing Detective Opferman improperly testify as to the victims' credibility, the jury would have found Appellant not guilty.

Appellant's Brief at 29-30.

For the above-stated reasons, we would conclude that the trial court would not have granted an objection to Detective Opferman's testimony on the basis that it was impermissible bolstering of the victims' credibility. Moreover, even if the court would have granted such an objection, and struck the detective's testimony, Appellant's bald statement that the jury would have

found him not guilty is insufficient to demonstrate a reasonable probability that the result of the proceeding would have been different. Therefore, we discern no error in the PCRA court's dismissal of Appellant's first ineffectiveness claim.

Next, Appellant argues that his "[a]ppellate counsel provided ineffective assistance by failing to raise the issue to this … Court that the trial court erred in overruling Appellant's objection and permitting Detective … Opferman to testify as to the victims' credibility." Appellant's Brief at 15. Appellant avers that "Detective Opferman's testimony cannot be categorized as either a prior consistent statement pursuant to Rule 613(c) []or a prompt report. Detective Opferman's testimony was nothing more than improper bolstering of the victims' credibility." *Id.* at 21-22. Appellant contends that, had his appellate counsel raised the error of the trial court's admitting Detective Opferman's impermissible testimony bolstering the victims' credibility, he would have been afforded the relief of a new trial.

Because, for the reasons stated *supra*, we disagree with Appellant that Detective Opferman's testimony constituted improper bolstering of the victims' credibility, appellate counsel was not ineffective for omitting this challenge to the trial court's admission of the at-issue testimony on appeal.[2]

---

[2] We note that interspersed throughout his brief, Appellant seems to argue that Detective Opferman's testimony did not meet Rule 613(c)'s requirements for the admission of a prior consistent statement and, thus, was improperly admitted for this reason. However, at the same time, he repeatedly states
*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/2022

_____

that Detective Opferman's testimony was ***not a prior consistent statement***. ***See*** Appellant's Brief at 21 ("Detective Opferman's testimony cannot be categorized as … a prior consistent statement pursuant to Rule 613(c)); ***id.*** at 28 ("Detective Opferman was not testifying as to a specific statement that either of the victims previously said to him in order to prove that it was consistent with their testimony at trial."); ***id.*** at 28-29 ("Detective Opferman's testimony did not constitute a prior consistent statement, instead, it was improper testimony as to the victims' credibility.").  If Appellant concludes that the detective's testimony did not constitute a prior consistent statement, then there was no need for the Commonwealth to meet the requirements of Rule 613(c) in order to admit it.  Consequently, we would not conclude that Appellant has established any error in his appellate attorney's failure to raise this issue on direct appeal.